# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LaToysha Jeanett Gibson, | Case No. 18-CV-1984 (JRT/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Nanette Barnes, | |
| Respondent. | |

Petitioner LaToysha Jeanett Gibson pleaded guilty to a drug offense in the United States District Court for the Western District of Texas and was sentenced to a 151-month term of imprisonment. She is now incarcerated at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca").

On July 16, 2018, Gibson filed a petition for a writ of habeas corpus in this District. (Pet. [Doc. No. 1].) Although Gibson was clearly challenging the validity of her sentence, her habeas petition was otherwise inscrutable. The only claim for relief raised was that of a violation of "due process," with no further elaboration. (Pet. at 6.) Gibson also suggested she was entitled to relief due to recent case law, but she did not identify the new rule of law entitling her to relief, nor did she identify the case in which that new rule might be found.

From the little information provided in the petition, the government could not be expected to file a response in opposition. Moreover, there was no basis upon which to conclude that this Court had jurisdiction over the petition, given that "[i]t is well settled a

1

collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Accordingly, Gibson was ordered to show cause why her petition should not be dismissed by submitting (1) a fuller description of her claim (or claims) for relief, and (2) an explanation as to why she believed the Court had jurisdiction over her petition. (Order at 2 (citing 28 U.S.C. § 2255(e) [Doc. No. 2].) Gibson was given thirty days from the date of the Order, which was August 9, 2018, in which to submit the response, failing which it would be recommended that the matter be dismissed without prejudice for failure to prosecute.

That deadline has now passed, and Gibson has not responded to this Court's August 9 Order. In fact, Gibson has not communicated with the Court about this case at all since commencing this action. Accordingly, this Court now recommends, in accordance with its August 9 Order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

This Court also notes, however, that Gibson's petition was one of many almost-identical habeas corpus petitions originating from FCI-Waseca over the past several months. Those petitioners have, like Gibson, frequently been asked to expand upon their claims and show cause why the petitions should not be dismissed for lack of jurisdiction.

2

Almost always, the petitioners have attempted to justify seeking habeas corpus relief by framing their claims as arising under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).  It is doubtful that a federal prisoner may seek relief under *Dimaya* pursuant to a habeas corpus petition rather than a motion under 28 U.S.C. § 2255 in the district of conviction.  *See, e.g.*, *Jackson v. Barnes*, No. 18-CV-1392 (DSD/ECW), Doc. No. 5 (D. Minn. Oct. 1, 2018).  If Gibson, like the other petitioners, had intended to pursue claims under *Dimaya*, dismissal of this petition without prejudice would still likely be necessary.  As things stand, though, Gibson has not prosecuted her petition, and it is recommended that this matter be dismissed on that basis.

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Dated: October 9, 2018           s/ *Hildy Bowbeer*
                                 Hildy Bowbeer
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local

Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).