# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| LATOYSHA JEANETT GIBSON, | Civil No. 18-1984 (JRT/HB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| WARDEN NANETTE BARNES, | |
| Defendant. | |

LaToysha Jeanett Gibson, No. 44161-177, FCI-Waseca, P.O. Box 1731, Waseca, MN 56093, *pro se* petitioner.

Ana H. Voss and Ann M. Bildtsen, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendant.

Petitioner LaToysha Gibson, a federal prisoner incarcerated in Waseca, Minnesota, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). On Oct. 9, 2018, Magistrate Judge Hildy Bowbeer wrote a Report and Recommendation ("R&R") recommending that the Court dismiss Gibson's Petition. Currently before the Court is Gibson's objection to the R&R. Because the Court does not have jurisdiction over Gibson's Petition, the Court will adopt the R&R and dismiss the Petition without prejudice.

## BACKGROUND

In 2012, Gibson pleaded guilty to a drug offense and was sentenced in the United States District Court for the Western District of Texas. (Obj. to R&R at 1, Oct. 24, 2018, Docket No. 4.) On July 14, 2016, Gibson filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct her

sentence in the Western District of Texas. (Pet. for Habeas Corpus at 4, July 16, 2018, Docket No. 1.) That motion was denied. (*Id.*)

On July 16, 2018, Gibson filed the present Petition, seeking resentencing in light of a "retroactively applicable Supreme Court decision." (*Id.* at 4.) Because the basis for her Petition was unclear, the Magistrate Judge ordered Gibson to show cause as to why her Petition should not be dismissed. (Order, Aug. 9, 2018, Docket No. 2.) The deadline to show cause passed without any response from Gibson, and the Magistrate Judge wrote an R&R recommending that Gibson's Petition be dismissed for failure to prosecute. (R&R at 2, Oct. 9, 2018, Docket No. 3.) The Magistrate Judge also noted that the Petition was "one of many almost-identical habeas corpus petitions originating from FCI-Waseca over the past several months" and that these petitioners have "almost always . . . attempted to justify seeking habeas corpus relief by framing their claims as arising under *Sessions v. Dimaya.*" (*Id.* at 2-3.) The Magistrate Judge therefore noted that, even if Gibson did attempt to argue her Petition based on *Dimaya*, dismissal would still be warranted because the correct way to challenge her sentence is a 28 U.S.C. § 2255 motion, which can only be filed in the sentencing court. (*Id.* at 3.)

On Oct. 24, 2018, Gibson objected to the R&R. Gibson argues that: (1) her § 2241 Petition is the correct method of challenging her sentence; and (2) she was unconstitutionally sentenced.

**ANALYSIS**

**I.    STANDARD OF REVIEW**

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the

magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); accord D. Minn. LR 72.2(b)(3).

## II. SECTION 2241 PETITION

Under § 2241, a district court can grant a writ of habeas corpus to a federal prisoner incarcerated in the court's district. 28 U.S.C. § 2241(a), (c). But Congress has placed limits on a federal district judge's ability to hear these petitions in order to prevent judges unfamiliar with cases from adjudicating habeas corpus claims. For the most part, "a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255" instead of through a § 2241 petition. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

However, in limited circumstances, a federal prisoner may seek § 2241 habeas relief through § 2255's "savings clause," which provides:

> An application for a writ of habeas corpus [o]n behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Thus, under the savings clause, a federal district court has jurisdiction over a § 2241 petition only if the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his or her detention. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).

Gibson has failed to offer any reason why a § 2255 motion would be "inadequate or ineffective." In fact, she has done little more than restate the applicable statutes and summarily assert that her § 2241 Petition should be allowed because "under the recent Supreme Court decision in '*Dimaya,*' the government has already conceded in other litigation that a viable claim may be

authorized under 2255(h)." However, that statement undercuts her own case that a § 2255 motion would be inadequate or ineffective. Because Gibson has not provided any valid arguments as to why a § 2255 motion would be inadequate or ineffective, and because a § 2255 motion would, in fact, be the correct vehicle to challenge her sentence, the Court is without jurisdiction to hear her § 2241 Petition.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Gibson's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED without prejudice**.

2. The Magistrate Judge's Report and Recommendation [Docket No. 3] is **ADOPTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 6, 2018 _____s/John R. Tunheim\_\_\_\_\_
at Minneapolis, Minnesota. JOHN R. TUNHEIM
Chief Judge
United States District Court